[Crim. No. 86.   Fourth Appellate District.—June 30, 1933.]

THE PEOPLE, Respondent, v. ARTHUR D. MAAS, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, S. B. Kaufman, District Attorney, and Preston Turner, Deputy District Attorney, for Respondent.

BARNARD, P. J.—The defendant was accused of violating section 148 of the Penal Code, it being charged that he removed from the scene of an automobile accident the driver of one of the cars involved therein, with the intent of obstructing a certain officer of the California highway patrol from discharging the duties of his office. ▮ This appeal is from a judgment after the conviction of the defendant by the court sitting without a jury, and the only question presented is as to the sufficiency of the evidence.

The only evidence before the court was a stipulation, which is as follows:

" . ... it is stipulated by and between counsel in this proceeding that on or about the 21st day of October, 1932, there was an automobile accident on North Main Street of Santa Ana or South Main Street of Orange, in which accident one Rolf Von Eckhartsberg was the driver of an automobile which collided with an automobile on said highway; that immediately following the said collision there were three children killed outright. The said Rolf Von Eckhartsberg was rendered unconscious thereby and that at the time and immediately before said collision said Rolf Von Eckhartsberg had been at the home of the defendant, Arthur B. Maas; that said Rolf Von Eckhartsberg was proceeding from the home of the said defendant, Arthur B. Maas, in a general northerly direction on said highway and was so proceeding at the time of said collision; that immediately following said collision, said defendant, Arthur B. Maas, proceeded in the same direction, stopped his automobile in the immediate vicinity of said automobile accident and took the said Rolf Von Eckhartsberg from the scene of the accident and placed

him in the defendant's automobile and took him to the home of the said Rolf Von Eckhartsberg in Glendale, California. Whereupon the defendant, Arthur B. Maas, called a physician where medical aid was rendered the said Rolf Von Eckhartsberg, the driver of the automobile in question; that at the time of said automobile accident there was riding with the said Rolf Von Eckhartsberg a man by the name of Curtis and another man by the name of Griffen, who received some injuries in the accident; that the said highway heretofore referred to in this stipulation was located in Orange county, California, and was a public highway in Orange county, California; that immediately following the collision between the automobiles heretofore referred to, one Vernon Barnhill, as a member of the California highway patrol, received a call and arrived at the scene of the automobile accident for the purpose of making an investigation pursuant to the provisions of the California Motor Vehicle Act, the time being about three or four minutes after the said defendant, Arthur B. Maas, had left the scene of the accident with said Rolf Von Eckhartsberg; that at all times mentioned in the information said Vernon Barnhill was a state traffic officer of the California highway patrol, being clothed with full power to perform all of the duties of the office to which he had been appointed by the director of the department of public works and chief of the division of motor vehicles, pursuant to the California Motor Vehicle Act and the Political Code of the state of California and, in order that this stipulation may be broad enough, that he was at all times a duly qualified and acting traffic officer of the California highway patrol and was on duty at that time and attempting to discharge the duties of such office, being stationed at Santa Ana, in Orange county, California; that at the time of the taking away of the said Rolf Von Eckhartsberg by the defendant, Arthur B. Maas, said Arthur B. Maas made no investigation with respect to the extent of the injuries sustained by the three children who were killed by the said accident, and, therefore, had no knowledge about the nature and extent of the injuries of the occupants of the Ford automobile, being the automobile in which the three deceased children were riding at the time of the accident and that said Arthur B. Maas did know, of his own knowledge, that the said Curtis and Griffen, being passengers in the

automobile operated by Rolf Von Eckhartsberg, had received personal injuries, and that the said Ford automobile, being the automobile in which the three high school children heretofore referred to were riding, was at the time of the arrival of the said Arthur B. Maas, on its side of said highway.''

From these facts it appears that Rolf Von Eckhartsberg had visited the appellant; that shortly thereafter the appellant found him unconscious on the highway, took him to his home and summoned a physician to care for him; that the officer, whom he is charged with obstructing in the performance of his duties, had not arrived on the scene of the accident until after these parties had left; and that the appellant did not know the nature or extent of the injuries suffered by the occupants of the car with which the automobile driven by Von Eckhartsberg had collided. While it appears that the appellant knew that two other occupants of the car which had been driven by Von Eckhartsberg had received personal injuries, it neither appears that these injuries were such that these parties needed aid or attention nor that the appellant knew that an officer had been summoned or was coming.

It may first be observed that while it was Von Eckhartsberg's duty, under section 142 of the California Vehicle Act, to report this accident to the office of the highway patrol or to the police department, he had twenty-four hours within which to do this and we know of no law that required him to remain on the scene of the accident. This being true, we are unable to see how any duty rested upon the appellant to refrain from removing him, especially in view of the fact that he was unconscious and in need of a doctor's care. The act of taking him away, in itself, was not criminal. To compel the leaving of injured persons on the scene of an accident until the arrival of an officer might, in many cases, cause unnecessary suffering and death.

The respondent relies entirely upon the proposition that the appellant took this person away with the intent or purpose of concealing him and preventing the officer from obtaining information from him. The only evidence relied upon to support this is the fact that this injured man was taken to his own home at Glendale instead of being taken to a hospital nearer at hand. If judicial notice may be taken

of the fact that there were hospitals nearer at hand, it does not follow that there might not be many good reasons for preferring to take such a person to his own home and to summon doctors chosen by himself or his family. If it can be said that the one fact that this injured party was taken to his home instead of to a hospital justifies a possible inference that there was an intent to spirit him away and conceal him from the officers, it certainly cannot be said that this inference is sufficient to establish such an intent beyond a reasonable doubt. Apparently, the car driven by Von Eckhartsberg remained at the scene of the accident, presumably the registration slip therein disclosed his name and address, and in any event his two companions were still there when he was taken away. There appears to have been no difficulty in establishing his identity. We can see in the facts stipulated, at most, nothing more than grounds for suspicion that the appellant might be guilty of the offense with which he was charged.

In our opinion, the fact that the appellant, at a time when no officer was present, took an unconscious man to his home and there called a physician, instead of taking him to a hospital, is not sufficient to sustain a judgment based upon the theory that he obstructed an officer in the performance of his duties, in the absence of any other proof of concealment or intentional prevention of any proper questioning on the part of the officer.

For the reasons given, the judgment is reversed.

Marks, J., and Andrews, J., *pro tem.*, concurred.